# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

BRIAN DANIEL O'HARE,

      Petitioner,

v.

JEFF WOODS,

      Respondent.

CASE NO. 2:09-13893
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

_____/

## OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS; (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS

      Brian Daniel O'Hare, ("petitioner"), presently incarcerated at the Kinross Correctional

Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28

U.S.C. § 2254.  In his *pro se* application, petitioner challenges his conviction for first-degree

criminal sexual conduct, M.CL.A. 750.520b(1)(c); and kidnapping, M.C.L.A. 750.349.  For the

reasons stated below, the application for a writ of habeas corpus is DENIED WITH

PREJUDICE.

## I.  BACKGROUND

      Petitioner was convicted of the above offenses following a jury trial in the Midland

County Circuit Court.  This Court recites verbatim the relevant facts relied upon by the Michigan

Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. §

2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

      Defendant and the complainant were married, but separated, and were in the process
      of getting a divorce at the time of the incident underlying this prosecution.  They had

1

one child, a three-year-old daughter. One evening the complainant picked up their daughter from defendant's parents' house. As she was driving home, defendant surprised her by jumping out from the back seat and into the front seat of her vehicle. Defendant said "I told you to watch your back; I told you to watch what you were doing." The complainant tried to turn the vehicle around to go back to defendant's parents' house, but defendant threatened to kill her if she did. Since defendant had abused her in the past, she took his threat seriously. One time defendant drove to a cornfield, threw her out of the car, and tried to leave her there. Another time, when he was in the Marines, he hit her a few times and gave her a black eye.

In fear, complainant followed defendant's directive and drove to a Meijer store parking lot where they talked. Defendant wanted her to go with him to their former apartment and she said "no" about 20 times. Defendant then grabbed the back of her hair and pulled her down to the center console and told her she had to drive or he would. The complainant did not feel free to leave, so she drove to their apartment as defendant directed. Once in the parking lot, she did not want to get out of the car but defendant took the car keys, her purse, and her daughter and pushed her out of the vehicle. In the apartment, defendant "kind of pushed [her] into the bedroom." According to complainant, she told defendant that she did not want to have sex and defendant proceeded to take her clothes off. She began to cry. Defendant continued, inserting his penis into her vagina. When their child walked in, defendant got up, removed the child, and returned to insert his penis into her vagina. She continued to cry. After defendant was done, they left the apartment and, on the way back to the Meijer store parking lot, defendant struck complainant with his fist on the right side of her head. When defendant's father arrived in the parking lot, defendant got out of her vehicle and left with his father. Later that night, the complainant reported the incident. Thereafter defendant was arrested, charged, and subsequently convicted on kidnapping and one count of CSC I. This appeal followed.

*People v. O'Hare,* No. 278244, * 1-2 (Mich.Ct.App. October 28, 2008).

Petitioner's conviction was affirmed on appeal. *Id; lv. den.* 483 Mich. 1107; 766 N.W. 2d 813 (2009).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The Defendant was unlawfully deprived of the effective assistance of trial counsel when trial counsel failed to raise and preserve an insanity or temporary insanity defense and when he failed/refused to move to suppress the statements the defendant allegedly made to the police when he was suffering from significant mental disease(s) and/or defects and therefore any Miranda waiver was invalid and the statements were involuntary as a matter of law.

2

II. The trial court unlawfully deprived the defendant of his due process, equal protection, and other protected rights under the United States and Michigan constitutions to a fair trial when it admitted prior bad acts evidence and when it allowed a witness as part of his (sic) testimony to read her preliminary examination testimony into evidence.

III. The trial court unlawfully deprived the defendant of his due process, equal protection, and other protected rights under the United States and Michigan constitutions when it scored 10 points on OV-9 and 25 points on OV-11.

IV. The trial court unlawfully violated the United States and Michigan constitutions in sentencing the defendant to concurrent prison terms of 150-360 months on the kidnapping and CSC 1 convictions.

V. The Defendant's conviction must be reversed because he was denied his right to a fair trial do (sic) to ineffective assistance of trial counsel when counsel failed to object to prosecutor's improper admission of prior bad acts or to the trial court's failure to give proper jury instructions to the use of prior bad acts or to the necessary elements of criminal sexual conduct in the 1st degree.

VI. The defendant's conviction must be reversed because the prosecution failed to present sufficient evidence to justify submitting the case before a reasonable trier of fact or satisfy the due process standard of guilt beyond a reasonable doubt.

VII. The Defendant was deprived of his constitutional right to a fair trial do (sic) to prosecutorial misconduct when the prosecutor clearly expressed his belief of defendant's guilt and that he and his father both lied when they testified, therefore, he is entitled to a new trial.

VIII. The Courts reversibly erred in denying the petitioner's motion to remand this case to the trial court under MCR 7.211 (c)(1) to hold an evidentiary hearing as required under *People v. Ginther,* 390 Mich. 436; 212 N.W. 2d 922 (1973) to create a record for review by the court of my claim that I was denied my state and federal rights to the effective assistance of counsel at my trial.

IX. The Courts reversibly erred in denying the petitioner's second motion to remand and affidavit in support of second motion to remand this case to the trial court under MCR 7.211 (c)(1) to hold an evidentiary hearing as required under *People v. Ginther,* 390 Mich. 436; 212 N.W. 2d 922 (1973) to create a record for review by the court of my claim that I was denied my state and federal rights to the effective assistance of counsel at my trial.

## II. STANDARD OF REVIEW

3

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh*

4

*v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* ( citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786.  Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the  Supreme Court's precedents. *Id.*  Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)).  Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24.  Therefore, in order to obtain

5

habeas relief in federal court, a state prisoner is required to show that the state court's rejection

of his claim "was so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement."

*Harrington,* 131 S. Ct. at 786-87. Finally, "If a state court's decision on a constitutional

question is 'a close call,' that fact 'militates against the conclusion that the state court's

application of the relevant Supreme Court precedent was objectively unreasonable.'" *Lovell v.

Duffey*, 629 F. 3d 587, 598 (6ᵗʰ Cir. 2011)(quoting *Lopez v. Wilson*, 426 F. 3d 339, 358 n. 1 (6ᵗʰ

Cir.2005)(en banc)(Cole, J., concurring)).

### III. DISCUSSION

#### A.  Claims # 1, # 5, # 8, and # 9.  The ineffective assistance of counsel claims.

The Court will consolidate petitioner's ineffective assistance of counsel claims together

for judicial clarity.  In his first and fifth claims, petitioner alleges that trial counsel was

ineffective.  In his eighth and ninth claims, petitioner claims that the Michigan Court of Appeals

erred when it denied his two motions to remand his case to the trial court to conduct an

evidentiary hearing on his ineffective assistance of counsel claims pursuant to *People v.

Ginther*, 390 Mich. 436, 443; 212 N.W. 2d 922 (1973) and M.C.R. 7.211(C)(1).

Taking petitioner's eighth and ninth claims first, the Court does not have the power to

grant habeas relief on petitioner's claim that the Michigan Court of Appeals improperly denied

his motions to remand for an evidentiary hearing pursuant to M.C.R. 7.211.  There is no federal

constitutional right to appeal a state court conviction. *Cleaver v. Bordenkircher*, 634 F. 2d 1010,

1011 (6ᵗʰ Cir. 1980).  Where a habeas petitioner alleges a denial of his or her right to appeal a

state criminal conviction, he or she is not entitled to federal habeas relief. *Tate v. Livesay*, 612

6

F. Supp. 412, 413 (M.D. Tenn. 1984). In addition, violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable claims under Section 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Whether the Michigan Court of Appeals erred in its application of M.C.R. 7.211 in denying petitioner's motions for an evidentiary hearing on his ineffective assistance of counsel claims is a question of state law that cannot be reviewed in a federal habeas petition. *See Hayes v. Prelesnik,* 193 Fed. Appx. 577, 584 (6th Cir. 2006). Moreover, there is no clearly established Supreme Court law which recognizes a constitutional right to a state court evidentiary hearing to develop a claim of ineffective assistance of counsel on appeal. *Id.* at 585. Accordingly, petitioner would not be entitled to habeas relief on his eighth or ninth claims.

Moreover, even if there is a due process component to petitioner's claims involving the denial of his motions to remand by the Michigan Court of Appeals, deprivation of this sort would not form the basis for issuing a writ of habeas corpus, but might support a request for an evidentiary hearing in this Court for the purpose of developing a record on the petitioner's ineffective assistance of counsel claims. *See May v. Renico,* 2002 WL 31748845, * 5 (E.D. Mich. November 12, 2002). This Court must determine whether petitioner is entitled to an evidentiary hearing on his claims.

When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claim or claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into

account those standards in deciding whether an evidentiary hearing is appropriate." *Id.*  If the record refutes the habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id.*  Stated differently, a habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F. 3d 442, 459-60 (6th Cir. 2001).  A habeas petitioner is not entitled to an evidentiary hearing on his claims of ineffective assistance of counsel where the petitioner fails to allege specific facts which, if true, would entitle him to relief on his claims. *See Barber v. Birkett,* 276 F. Supp. 2d 700, 706 (E.D. Mich. 2003)(petitioner was not entitled to an evidentiary hearing on his claims that he was denied his right to counsel and that his appellate counsel rendered ineffective assistance, where he did not assert any facts which, if true, would establish a constitutional error).  As will be discussed below, petitioner's ineffective assistance of counsel claims are without merit, therefore, he is not entitled to an evidentiary hearing on these claims.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.*  In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id.*

8

To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 131 S. Ct. at 792).  The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. at 473). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 131 S. Ct. at 785.  Indeed,  "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 129 S. Ct. at 1420 (citing *Yarborough v. Alvarado*, 541 U.S. at 664).  Pursuant to § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the

9

*Strickland* standard itself."*Harrington*, 131 S. Ct. at 785.  "Surmounting *Strickland's* high bar is

never an easy task." *Id.* at 788 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)).

Because of this doubly deferential standard, the Supreme Court has indicated that:

Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel' s actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington v. Richter*, 131 S. Ct. at 788.

Finally, this Court is aware that "[R]eliance on 'the harsh light of hindsight' to cast

doubt on a trial that took place" five years ago "is precisely what *Strickland* and AEDPA seek

to prevent." *Harrington v. Richter*, 131 S. Ct. at 789.

In his first claim, petitioner alleges that his trial counsel was ineffective for failing to

investigate or pursue an insanity or temporary insanity defense based upon petitioner's

substance abuse and mental health history, which included anxiety, attention deficit disorder,

and post-traumatic stress disorder from his service with the United States Marine Corps in Iraq.

The Michigan Court of Appeals rejected petitioner's claim:

Here defendant claims he was entitled to raise an insanity defense under MCL 768.21 a(1), but there is no evidence that his purported history of substance abuse and mental health issues rendered him legally insane.  Likewise, there is no evidence that defendant made a good-faith effort to avail himself of the right to present such a defense at trial and even on appeal has not provided supporting documentation. Further, defendant does not argue that he lacked the capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the law, MCL 768.21 a(1), but consistently maintained his innocence and asserted a defense of consent at trial. And, defendant has proffered no evidence that he suffered from involuntary intoxication.  Because there is no basis for concluding that either defense was a substantial defense, defendant's claim of ineffective assistance of counsel premised on this argument is without merit.

*O'Hare,* Slip. Op. at * 2-3.

10

Petitioner is not entitled to habeas relief on this claim for several reasons.  First, petitioner's claim is without merit because he failed to present any evidence, either to the state courts, or to this Court, that he was legally insane at the time of the crime. *See e.g. Sneed v. Johnson,* 600 F. 3d 607, 611 (6th Cir. 2010).  More specifically, in light of the fact that petitioner has failed to show that he has an expert who would testify that he was legally insane at the time of the offenses, counsel's failure to raise an insanity defense was not prejudicial to petitioner. *See Abdur'Rahman v. Bell,* 226 F.3d 696, 715  (6th Cir. 2000).

Petitioner also cannot establish that counsel was ineffective for failing to present an insanity defense at trial, in light of the fact that such a mental state defense would have required counsel to admit that petitioner kidnapped and sexually assaulted his wife, which would have been inconsistent with petitioner's claim of innocence at trial. *See Bowling v. Parker,* 344 F. 3d 487, 507 (6th Cir. 2003).

Finally, as one court has noted: "[t]here is considerable empirical evidence that insanity pleas in and of themselves are not received favorably by jurors." *Weekley v. Jones*, 76 F. 3d 1459, 1463 (8th Cir. 1996)(citing C. Boehnert, Characteristics of Successful and Unsuccessful Insanity Pleas, 13 Law and Human Behavior 31, 34, 36-37 (1989)).  Since insanity or mental defenses are rarely successful, it would not have been unreasonable for counsel, at least under the facts of this case, to forego such a defense for a stronger defense theory. *See e.g. Silva v. Woodford,* 279 F. 3d 825, 851 (9th Cir. 2002); *See also Sneed,* 600 F. 3d at 611 (counsel not ineffective in failing to present insanity defense where "public's widespread skepticism of the insanity defense at the time of Sneed's trial in 1986 (circa the John Hinkley trial), indicate that this was not an attractive defense").

11

As a related claim, petitioner contends that his trial counsel was ineffective in failing to move to suppress petitioner's statements to the police because his mental illnesses and the fact that he was under sedation at the time of his arrest rendered his *Miranda* waiver invalid.

In rejecting petitioner's claim, the Michigan Court of Appeals noted that nothing in the record suggested that petitioner was suffering under any sort of mental defect at the time of his custodial interrogation.  Instead, the evidence suggested that petitioners' decision to waive his *Miranda* rights was completely voluntary, thus counsel was not ineffective for failing to move to suppress his statements to the police. *O'Hare,* Slip. Op. at * 3.

A defendant's waiver of his *Miranda* rights is considered valid if it is voluntary, knowing, and intelligent. *Miranda v. Arizona*, 384 U.S. 436, 444, 475 (1966).  Coercive police activity is a necessary predicate to finding that a defendant's waiver of his *Miranda* rights was involuntary. *Colorado v. Connelly,* 479 U.S. 157, 167, 169-70 (1986).  A defendant's deficient mental condition, by itself, is insufficient to render a waiver involuntary. *Id.* at 164-65. "[W]hile mental condition is surely relevant to an individual's susceptibility to police coercion, mere examination of the confessant's state of mind can never conclude the due process inquiry." *Connelly*, 479 U.S. at 165.  Moreover, "[T]he fact that a suspect is under the influence of drugs or medication is irrelevant if the suspect's statement was 'the product of a rational intellect and a free will.'" *Shackleford v. Hubbard,* 234 F. 3d 1072, 1080 (9th Cir. 2000)(citing *Mincey v. Arizona,* 437 U.S. 385, 398 (1978)(internal quotation omitted).

In the present case, petitioner has not presented any evidence to establish that the police interrogation was coercive or that the police knowingly exploited his alleged mental condition to obtain a confession.  Petitioner has not shown a reasonable probability that had his counsel

filed a motion to suppress his statements based on his alleged mental illnesses and being medically sedated that the trial court would have found the waiver of his *Miranda* rights to be involuntary, thus, he has failed to show that she was prejudiced by counsel's failure to file a motion to suppress his statements. *Shackleford,* 234 F. 3d at 1080.

In his fifth claim, petitioner alleges that trial counsel was ineffective for failing to object to evidence of petitioner's other bad acts involving prior assaultive behavior against his wife and for failing to request a limiting instruction.

The Michigan Court of Appeals ruled that evidence of petitioner's prior assaultive behavior was relevant and admissible as to the restraint element for the kidnapping charge, thus, counsel was not ineffective for failing to object to the admission of this evidence. *O'Hare,* Slip. Op. at * 3.

The Michigan Court of Appeals rejected petitioner's ineffective assistance of counsel claim, on the ground that evidence of petitioner's prior assaultive behavior towards his wife was admissible under M.R.E. 404(b).  Federal habeas courts "'must defer to a state court's interpretation of its own rules of evidence and procedure' when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005)(quoting *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)).  Because the Michigan Court of Appeals determined that this evidence was admissible under Michigan law, this Court must defer to that determination in resolving petitioner's ineffective assistance of counsel claim. *See Brooks v. Anderson*, 292 Fed. Appx. 431, 437-38 (6th Cir. 2008); *Adams v. Smith*, 280 F.Supp.2d 704, 721 (E.D. Mich. 2003).  In the present case, the Michigan Court of Appeals' determination that petitioner was not denied the effective assistance of trial counsel because of counsel's failure to object to the admission of

13

this "bad acts" evidence was not contrary to, or an unreasonable application of, clearly

established federal law, and thus did not warrant federal habeas relief, in light of the Michigan

Court of Appeals' finding that this "bad acts" evidence was admissible under Michigan law. *See*

*Pearl v. Cason,* 219 F. Supp. 2d 820, 828-29 (E.D. Mich. 2002).

Petitioner further contends that trial counsel was ineffective for failing to request a

limiting instruction on the use of the evidence of this prior assaultive behavior.

Trial counsel's decision not to request limiting instructions may have been perfectly

sound from a tactical standpoint, because "[S]uch instructions inevitably invite the jury's

attention to matters the defendant normally prefers not to emphasize...". *See Ferguson v.*

*Knight,* 809 F. 2d 1239, 1243 (6th Cir. 1987). *See also Ashe v. Jones,* 208 F. 3d 212 (Table); No.

2000 WL 263342, at *6 (6th Cir. February 29, 2000)(unpublished opinion)(stating that counsel

may have decided, as part of a reasonable trial strategy, not to request an instruction limiting the

jury's consideration of the prior bad acts evidence based on the belief that such an instruction

would bring undue attention to the other acts)*;Stamps v. Rees*, 834 F. 2d 1269, 1276 (6th Cir.

1987)(failure to request jury admonition concerning permissible use of evidence of prior

convictions did not constitute ineffective assistance "as it is quite evident that ... counsel simply

wanted to get past the prior convictions as quickly as possible without bringing undue attention

to them").  In this case, petitioner has failed to overcome the presumption that counsel's

decision to forego requesting cautionary instructions was a reasonable trial tactic to avoid

giving undue attention to petitioner's prior bad acts.

Petitioner next contends that trial counsel was  ineffective for failing to object to the jury

instructions because they allowed for a conviction of first-degree criminal sexual conduct in the

14

absence of force.  The instruction provided that "the prosecution does not have to show that [the victim] resisted the defendant."

In rejecting petitioner's claim, the Michigan Court of Appeals noted that petitioner was convicted under M.C.L.A. 750.520b(1)(c)(sexual penetration under circumstances involving the commission of another felony).  Under this statute, only two elements need be proven: "(1) a sexual penetration (2) that occurs during the commission of another felony." *O'Hare,* Slip. Op. at * 4 (quoting *People v. Waltonen*, 272 Mich.App. 678, 693-694, 728 N.W.2d 881 (2006); *People v. Wilkens*, 267 Mich. App. 728, 737, 705 N.W.2d 728 (2005)).  Because force is not an element of first-degree criminal sexual conduct where the sexual penetration occurs during the commission of another felony, counsel was not ineffective in failing to object to the instruction as given by the trial court. *Id.*

In light of the fact that the Michigan Court of Appeals determined that the trial court's instructions on the elements of first-degree criminal sexual conduct were proper under Michigan law, petitioner is unable to establish that counsel was ineffective for failing to object to the instructions as given. *See Davis v. Morgan,* 89 Fed. Appx. 932, 936-37 (6th Cir. 2003). Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claims.

**B.  Claim # 2.  The evidentiary claims.**

In his second claim, petitioner contends that the trial court erred in admitting evidence of petitioner's prior assaultive behavior against his wife, on the ground that such evidence was admitted solely to show petitioner's propensity to commit the charged offenses, in violation of M.R.E. 404(b).  Petitioner further contends that the prosecutor failed to give prior notice of his intent to use this evidence.  Petitioner also alleges that his constitutional rights were violated

15

when the prosecutor introduced the victim's prior consistent statements by permitting her to read her preliminary examination testimony at trial.

Petitioner's claim that the state court violated M.R.E. 404(b) by admitting evidence of his prior assaults against his wife is non-cognizable on habeas review. *See Bey v. Bagley,* 500 F 3d 514, 519 (6th Cir. 2007); *Estelle,* 502 U.S. at 72 (Supreme Court's habeas powers did not permit Court to reverse state court conviction based on their belief that the state trial judge erred in ruling that prior injury evidence was admissible as bad acts evidence under California law); *Dowling v. U.S.*, 493 U.S. 342, 352-53 (1990)(admission at defendant's bank robbery trial of "similar acts" evidence that he had subsequently been involved in a house burglary for which he had been acquitted did not violate due process).  The admission of this "prior bad acts" or "other acts" evidence against petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *See Bugh v. Mitchell,* 329 F. 3d 496, 512 (6th Cir. 2003); See also *Adams v. Smith,* 280 F. Supp. 2d at 716.  Given the lack of holdings by the Supreme Court on the issue of whether a state court violates a habeas petitioner's due process rights by the admission of evidence to establish the petitioner's propensity to commit criminal acts, the Michigan Court of Appeals' rejection of petitioner's second claim was not an unreasonable application of clearly established federal law. *See Wright v. Van Patten,* 552 U.S. 120, 126 (2008); *Carey v. Musladin,* 549 U.S. 70, 77 ( 2006).

To the extent that petitioner alleges that evidence of the prior assaults should have been excluded under M.R.E. 403 for being more prejudicial than probative, he would not be entitled

to habeas relief.  Appraisals of the probative and prejudicial value of evidence are entrusted to the sound discretion of a state trial court judge, and a federal court considering a habeas petition must not disturb that appraisal absent an error of constitutional dimensions. *See Dell v. Straub*, 194 F. Supp. 2d 629, 645 (E.D. Mich. 2002).  So long as a state court's determination that evidence is more probative than prejudicial is reasonable, a federal court on habeas review will not overturn a state court conviction. *See Clark v. O'Dea,* 257 F.3d 498, 503 (6th Cir. 2001).

The Michigan Court of Appeals rejected petitioner's claim, finding that the evidence of petitioner's prior assaultive behavior towards his wife was relevant to refute petitioner's claim that he did not restrain his wife and that she consented to going with petitioner and having sex with him. *O'Hare,* Slip. Op. at * 3.  Because the state court's determination that the prior assaultive behavior was more probative than prejudicial was reasonable, petitioner would not be entitled to habeas relief on his claim. *Clark,* 257 F. 3d at 503.

Petitioner's related claim that the prosecution violated M.R.E. 404(b)(2) by failing to give notice prior to trial of its intent to use this evidence of petitioner's prior bad acts is a state law issue that would not entitle petitioner to federal habeas relief. *See Richardson v. Evans*, 99 F. 3d 1150 (Table); No. 1996 WL 603278, * 3 (10th Cir. October 22, 1996)(unpublished); *See also Doss v. Bock,* No. 2002 WL 1554363, * 13 (E.D. Mich. July 15, 2002)(unpublished).

Petitioner next contends that the prosecutor violated his right to a fair trial by admitting his wife's prior consistent statements from the preliminary examination.  The admission of a prior consistent statement when the declarant is available for cross-examination at trial, as was the case here, is not a question that rises to the level of a constitutional violation for purposes of habeas corpus relief. *United States ex. rel. Gonzalez v. DeTella,* 918 F. Supp. 1214, 1222 (N.D.

17

Ill. 1996)(citing to *California v. Green,* 399 U.S. 149, 157 (1970)(additional citations omitted).

Petitioner's claim about the admission of the victim's prior consistent statements from the

preliminary examination involves at best an error of state law that is not cognizable in federal

habeas review. *Regan v. Hoffner,* 209 F. Supp. 2d 703, 715 (E.D. Mich. 2002). Because the

victim was subject to cross-examination at petitioner's trial, the admission of her prior

consistent statements from the preliminary examination presented no Confrontation Clause

problems. *Id.* Petitioner is not entitled to habeas relief on his second claim.

### C. Claims # 3 and # 4. The sentencing claims.

Petitioner raises a number of challenges to his sentences in his third and fourth claims.

Petitioner's sentence of twelve and a half to thirty years twenty years was within the

statutory limits for the offenses of kidnapping and first–degree criminal sexual conduct. A

sentence imposed within the statutory limits is not generally subject to habeas review.

*Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Robinson v.Stegall*, 157 F. Supp. 2d 802, 823

(E.D. Mich. 2001). A sentence within the statutory maximum set by statute does not normally

constitute cruel and unusual punishment either. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir.

2000); *Johnson v. Smith,* 219 F. Supp. 2d 871, 884 (E.D. Mich. 2002).

Petitioner first claims that the trial court incorrectly scored several offense variables

under Michigan's sentencing guidelines. Petitioner's claim that the state trial court incorrectly

scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines

is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See*

*Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *Robinson v. Stegall*, 157 F. Supp. 2d at

823. "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines

18

applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009).   "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).   Petitioner's claim that the sentencing guidelines were incorrectly scored fails to state a claim upon which habeas relief can be granted. *See Cook v. Stegall,* 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner further alleges that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors that had not been submitted to a jury and proven beyond a reasonable doubt when scoring his sentencing guidelines.

In *Blakely v. Washington*, 542 U.S. 296 (2004), the U.S. Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (citing *Apprendi v. N.J.*, 530 U.S. 466, 490 (2000)).

Petitioner is not entitled to habeas relief on his claim.   *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme.   Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence within a minimum and maximum sentence. *See People v. Claypool*, 470 Mich. 715, 730, n. 14, 684 N.W.2d 278 (2004); *People v. Drohan*, 475 Mich. 140, 160-61, 715 N.W.2d 778 (2006)(both citing M.C.L.A. 769.8).   "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set a minimum sentence." *Drohan*, 475 Mich. at 161.   Under Michigan law, only the minimum sentence must

presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock*, 469 Mich. 247, 255, n. 7, 666 N.W.2d 231 (2003) (citing M.C.L.A. 769.34(2)).  Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *Claypool*, 470 Mich. at 730.  Therefore, Michigan's indeterminate sentencing scheme is unaffected by the U.S. Supreme Court's holding in *Blakely*.  *Drohan*, 475 Mich. at 164. [1]

The holding in *Blakely* is inapplicable to petitioner's sentence.  Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *Blakely*, 542 U.S. at 304-05, 308-09.  The holdings in *Apprendi* and *Blakely* do not apply to a judge's factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum. *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009); *See also Montes v. Trombley,* 599 F.3d 490, 495 (6th Cir. 2010)(the *Blakely-Apprendi* rule requiring any fact that increases the penalty for a crime beyond the prescribed statutory maximum to be submitted to a jury and proved beyond a reasonable doubt does not apply to laws that set the maximum sentence by statute but that permit a judge to determine the minimum sentence through judicial factfinding, and does not preclude a judge from utilizing the preponderance-of-the-evidence standard when finding facts related to sentencing).  As noted by the Sixth Circuit, "[T]he Sixth Amendment gives a criminal defendant the right to have a jury find any fact that increases the *maximum* sentence the defendant faces, not any fact that increases the *minimum* sentence." *Arias v. Hudson*, 589 F.3d 315, 317 (6th Cir. 2009)(citing

---

[1]   Moreover, under Michigan law, where the maximum sentence for a crime is life imprisonment, as is the case with the first-degree criminal sexual conduct and kidnapping charges that petitioner was convicted of, a jury verdict in such a case would authorize a life sentence, thus, any sentence would be within the range authorized by that verdict.  Therefore, a "trial court may utilize judicially ascertained facts to sentence a defendant to a term up to life imprisonment when life is the maximum sentence." *Drohan*, 475 Mich. at 162, n. 14.

*McMillan v. Pennsylvania*, 477 U.S. 79 (1986))(emphasis original).  Because Michigan's

sentencing laws create an indeterminate-sentencing scheme, it does not violate petitioner's due-

process rights or his right to a jury trial. *Montes,* 599 F. 3d at 497.  Petitioner is not entitled to

habeas relief on any *Blakely* claim. *Id.*

Petitioner further claims that his sentence was disproportionate to the offense and the

offender.  The U.S. Constitution does not require that sentences be proportionate.  In *Harmelin*

*v. Michigan*, 501 U.S. 957, 965 (1991), a plurality of the U.S. Supreme Court concluded that the

Eighth Amendment does not contain a requirement of strict proportionality between the crime

and sentence.  The Eighth Amendment forbids only extreme sentences that are grossly

disproportionate to the crime. *Harmelin,* 501 U.S. at 1001.

Successful challenges to the proportionality of a particular sentence in non-capital cases

are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).  Federal courts will

therefore not engage in a proportionality analysis except where the sentence imposed is death or

life imprisonment without parole. *See Robinson v. Stegall,* 157 F. Supp. 2d at 823 (citing *United*

*States v. Thomas,* 49 F. 3d 253, 260-61 (6th Cir. 1995)).  A claim that a sentence is imposed in

violation of Michigan's sentencing law does not state a claim for relief in a habeas proceeding

where there is no claim that the sentence violates the Cruel and Unusual Punishment Clause of

the Eighth Amendment. *Id.*  Petitioner's claim that his sentence is disproportionate under

Michigan law thus would not state a claim upon which habeas relief can be granted. *Whitfield v.*

*Martin,* 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001).

To the extent that petitioner is arguing that the trial court failed to afford him

individualized consideration of mitigating evidence on his behalf, this claim fails because the

U.S. Supreme Court has limited its holding concerning mitigating evidence to capital cases. *Alvarado v. Hill,* 252 F. 3d 1066, 1069 (9th Cir. 2001)(*citing to Harmelin,* 501 U.S. at 996). Because petitioner had no constitutional right to an individualized sentence, no constitutional error would occur if the state trial court failed to consider mitigating evidence on his behalf at sentencing. *See Hastings v. Yukins,* 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002).

Petitioner further claims that the trial court judge failed to consider petitioner's rehabilitative potential when fashioning his sentence.  Petitioner's claim that the trial court failed to consider his rehabilitative potential in fashioning his sentence is non-cognizable on federal habeas review. *See Grays v. Lafler,* 618 F. Supp. 2d 736, 749 (W.D. Mich. 2008). "There is no constitutional principle that prefers rehabilitation over deterrence and retribution as a goal of sentencing." *Fielding v. LeFevre*, 548 F. 2d 1102, 1108 (2nd Cir. 1977).

In this case, because petitioner's sentence falls within the statutory limits, petitioner is not entitled to habeas relief. *Robinson v. Stegall,* 157 F. Supp. 2d at 823.

**D.  Claim # 6.  The sufficiency of evidence claim.**

Petitioner next contends that there was insufficient evidence to bind him over for trial or to convict him of first-degree criminal sexual conduct and kidnapping.

With respect to petitioner's claim that there was insufficient evidence presented at his preliminary examination to bind him over for trial, petitioner has failed to state a claim upon which habeas relief can be granted.  A prior judicial hearing is not a prerequisite to prosecution by information. *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975).  There is no federal constitutional right to a preliminary examination. *United States v. Mulligan*, 520 F. 2d 1327, 1329 (6th Cir. 1975); *Dillard v. Bomar*, 342 F. 2d 789, 790 (6th Cir. 1965).  Petitioner's claim that there was

22

insufficient evidence presented at his preliminary examination to bind him over for trial thus raises only a matter of state law and procedure that cannot form a basis for federal habeas relief. *See Dorchy v. Jones,* 320 F. Supp. 2d 564, 578-79 (E.D.Mich. 2004); *David v. Lavinge,* 190 F. Supp. 2d 974, 978 (E.D. Mich. 2002). In addition, a jury's guilty verdict renders harmless any error in the charging decision. *United States v. Mechanik,* 475 U.S. 66, 73 (1986). Any insufficiency of evidence at petitioner's preliminary examination would be harmless error in light of petitioner's subsequent conviction. *See United States ex. rel. John v. People of the State of N.Y.,* 868 F. Supp. 74, 75 (S.D.N.Y. 1994).

Petitioner is also not entitled to habeas relief on his claim that there was insufficient evidence to convict him of the charges.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

More importantly, a federal habeas court may not overturn a state court decision that

rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim.  Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011).  "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.*

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983).  It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F. 2d 675, 679 (6th Cir. 1992).  A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F. 3d 780, 788 (6th Cir.2003).

The Michigan Court of Appeals rejected petitioner's claim:

Defendant ambushed the complainant in her car where she was alone with her three-year-old daughter, said to her "I told you to watch your back," and when she tried to return to his parents' home, he threatened to kill her. Because of the violence defendant had committed against her in the past, she believed him.  After she refused to go to their former apartment, defendant grabbed the back of her hair, pulling her head down, and told her she had to drive or he would.  When she did not want to exit the vehicle at the apartment, defendant took the car keys, her purse, and her child and pushed her out of the vehicle.  Once inside the apartment, he pushed her into the bedroom, removed her clothes and, despite her protests and crying, he penetrated her vagina with his penis.  Afterwards, while driving back to the Meijer store parking lot, defendant struck the complainant with his fist on the right side of her head.  We conclude that the evidence was sufficient for the jury to find that defendant restrained complainant with the intent to engage in criminal sexual penetration with her, and that sexual penetration did in fact occur during this kidnapping. Therefore, this issue is without merit.

*O'Hare,* Slip. Op. at * 6.

24

Under Michigan law, first-degree criminal sexual conduct is committed when there is an intrusion into the genital or anal opening of another person under one of the enumerated circumstances in the first-degree criminal sexual conduct statute. *See Farley v. Lafler,* 193 Fed. Appx. 543, 548 (6th Cir. 2006).  M.C.L.A. § 750.520b(1)(c) indicates that a defendant is guilty of criminal sexual conduct, first degree if sexual penetration occurs under circumstances involving the commission of another felony. To convict a defendant under this theory, the prosecutor must prove only two elements: "(1) a sexual penetration (2) that occurs during the commission of another felony." *People v. Waltonen*, 272 Mich.App. at 693-694.  Under M.C.L.A. 750.349(1)(c), a person is guilty of kidnapping if "he ... knowingly restrains another person with the intent to ... engage in criminal sexual penetration or criminal sexual contact with that person."

In the present case, the evidence, when viewed in a light most favorable to the prosecution, was sufficient to allow a rational trier of fact to conclude beyond a reasonable doubt that petitioner restrained the victim with the intent to engage in criminal sexual penetration with her, so as to sustain his conviction for kidnapping, and that he ultimately sexually penetrated her during the commission of another felony, namely, the kidnapping, so as to sustain his conviction for first-degree criminal sexual conduct.  The Michigan Court of Appeals' rejection of petitioner's claim was reasonable.

To the extent that petitioner argues that the evidence was insufficient because the victim's testimony was not believable, he would not be entitled to relief.  Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002).  An

assessment of the credibility of witnesses is therefore generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.* To the extent that petitioner's insufficiency of evidence claim rests on an allegation of the victim's credibility, which is the province of the finder of fact, he would not be entitled to habeas relief on this claim. *See Tyler v. Mitchell,* 416 F. 3d 500, 505 (6th Cir. 2005).

### E. Claim # 7. The prosecutorial misconduct claims.

Petitioner lastly contends that he was deprived of a fair trial because of prosecutorial misconduct.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004). Prosecutorial misconduct will form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the circumstances. *Donnelly v. DeChristoforo*, 416 U.S. 637, 643-45 (1974); *Caldwell v. Russell*, 181 F.3d 731, 736 (6th Cir. 1999)("[p]rosecutorial misconduct may warrant habeas relief only if the relevant misstatements were so egregious as to render the entire trial fundamentally unfair to a degree tantamount to a due process deprivation"). The determination whether the trial was fundamentally unfair is "made by evaluating the totality of the circumstances surrounding each individual case." *Angel v. Overberg*, 682 F. 2d 605, 608 (6th Cir. 1982). The Court must focus on "'the fairness of the trial, not the culpability of the prosecutor.'" *Pritchett v. Pitcher*, 117 F. 3d 959, 964 (6th Cir.1997)(quoting *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1355 (6th Cir. 1993)). Finally, "[t]he Supreme Court has clearly indicated that the state courts have substantial breathing room

26

when considering prosecutorial misconduct claims because 'constitutional line drawing [in prosecutorial misconduct cases] is necessarily imprecise.'" *Slagle v. Bagley*, 457 F. 3d 501, 516 (6th Cir. 2006) (quoting *Donnelly*, 416 U.S. at 645).

Petitioner first alleges that the prosecutor expressed his belief in petitioner's guilt when he indicated during closing arguments that he did not believe that the victim had consented to have sex with petitioner: "Even let's assume for the sake of argument that maybe she consented to the sex. I doubt it. I don't think so."

A prosecutor may not express a personal opinion concerning the guilt of a defendant or the credibility of trial witnesses, because such personal assurances of guilt or vouching for the veracity of witnesses by the prosecutor "exceeds the legitimate advocates' role by improperly inviting the jurors to convict the defendant on a basis other than a neutral independent assessment of the record proof." *Caldwell v. Russell*, 181 F.3d at 737.  "[G]enerally, improper vouching involves either blunt comments, or comments that imply that the prosecutor has special knowledge of facts not in front of the jury or of the credibility and truthfulness of witnesses and their testimony." *See United States v. Francis,* 170 F. 3d 546, 550 (6th Cir. 1999)(internal citations omitted).  It is worth noting, however, that the Sixth Circuit has never granted habeas relief for improper vouching. *Byrd v. Collins,* 209 F. 3d 486, 537 and n. 43 (6th Cir. 2000).  Even on direct appeal from a federal conviction, the Sixth Circuit has held that to constitute error, a prosecutor's alleged misconduct of arguing his personal belief, in a witness' credibility or in a defendant's guilt, must be flagrant and not isolated. *See United States v. Humphrey,* 287 F.3d 422, 433 (6th Cir. 2002).

Petitioner is not entitled to habeas relief on this claim because the prosecutor's comment

was brief and isolated.  An isolated instance of vouching does not make a state trial so

constitutionally infirm so as to justify federal habeas relief. *See e.g. Joseph v. Coyle,* 469 F. 3d

441, 474 (6th Cir. 2006).  Secondly, even if this statement amounted to improper vouching, it did

not rise to the level of a due process violation necessary for federal habeas relief, because the

sizeable amount of evidence offered by the state against petitioner made it unlikely that the jury

was misled by this brief statement. *See Wilson v. Mitchell,* 250 F. 3d 388, 398 (6th Cir. 2001).

Lastly, the jury was instructed that the lawyers' statements and arguments were not evidence.

[Tr. 4/3/2007, p. 163].  This instruction by the court cured any prejudice that may have arisen

from any improper vouching. *Byrd,* 209 F. 3d at 537.

Petitioner next contends that the prosecutor committed misconduct by accusing

petitioner and his father about lying about the weather conditions on the night of the incident.

If a defendant testifies, a prosecutor may attack his credibility to the same extent as any

other witness. *See United States v. Francis,* 170 F. 3d at 551.  A prosecutor may argue that a

defendant is lying during her closing argument "when emphasizing discrepancies between the

evidence and that defendant's testimony." *Id.*  To avoid any impropriety, however, the

prosecutor's comments must "reflect reasonable inferences from the evidence adduced at trial."

*Id.* (internal quotation omitted).  In addition, a prosecutor does not engage in misconduct by

calling a defense witness a liar when there is evidence which establishes that the witness'

testimony is untrue. *See Cristini v. McKee,* 526 F. 3d 888, 901-02 (6th Cir. 2008).

In the present case, as the Michigan Court of Appeals indicated in rejecting petitioner's

claim, *See O'Hare,* Slip. Op. at * 7, another witness testified differently regarding the weather

conditions.  The prosecutor's comment that petitioner and his father were lying about the

28

weather was not misconduct, because it was based on a reasonable inference from the evidence presented at trial.

To the extent that petitioner argues in his seventh claim that counsel was ineffective for failing to object to this misconduct, he would not be entitled to relief.  To show prejudice under *Strickland* for failing to object to prosecutorial misconduct, a habeas petitioner must show that but for the alleged error of his trial counsel in failing to object to the prosecutor's improper questions and arguments, there is a reasonable probability that the proceeding would have been different.  *Hinkle v. Randle,* 271 F. 3d 239, 245 (6th Cir. 2001).  Because the Court has already determined that the prosecutor's comments did not deprive petitioner of a fundamentally fair trial, petitioner is unable to establish that he was prejudiced by counsel's failure to object to these remarks. *Slagle,* 457 F. 3d at 528.

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll.

§ 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d at 885. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV.    CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

   S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 30, 2012

I hereby certify that a copy of the foregoing document was mailed to Brian O'hare, 368210 Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI 49788 and the attorneys of record on this date, March 30, 2012, by electronic and/or ordinary mail.

   S/Julie Owens
Case Manager